[No. 11099.   Department Two. — May 16, 1888.]

## ORO MINING AND MILLING COMPANY, RESPONDENT, *v.* L. M. STARR, APPELLANT.

SALE — CHANGE OF POSSESSION — SUBSEQUENT PURCHASER. — In 1881 the plaintiff purchased and paid for certain machinery, and left it on storage in the possession of its vendors. The vendors afterwards, and while the machinery was in their possession, sold all their "assets" and "property" to the defendant, who immediately took possession. The schedule of the property sold, which accompanied the bill of sale, did not include the machinery. *Held*, that the sale of the machinery to the plaintiff was complete, and although not accompanied by a change of possession, was not void as to the defendant, as the latter was not a subsequent purchaser of the machinery.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*E. W. McGraw*, for Appellant.

*R. B. Saffold*, and *T. Z. Blakeman*, for Respondent.

McFARLAND, J.—This action is for the value of certain personal property. Judgment went for plaintiff, and defendant appeals. The material facts are substantially these: The plaintiff, a mining corporation, contracted in 1881, with Pendergast, Smith & Co., who owned and conducted the Ætna Iron Works in San Francisco, for the construction by the latter for the former of a five-stamp battery complete. When the work was done plaintiff was not ready to use the battery, and it was agreed that plaintiff should pay for the property, and that Pendergast, Smith & Co. should keep it on storage for plaintiff until the latter should call for it. Thereupon plaintiff paid the full price which had been agreed upon for the battery, and left it in possession of Pendergast, Smith & Co. Plaintiff also furnished some lumber which was used in covering some part of the property. Afterwards, in 1882, Pendergast, Smith & Co. incorporated under the corporate name of the Ætna Iron Works Company, and continued the business, the battery remaining on storage as before. In 1883 this company became financially embarrassed. Its principal creditor was the defendant L. M. Starr; and in consideration that he would cancel the indebtedness to him, and would settle with the other creditors, the said Ætna Iron Works Company, on June 12, 1883, by a written instrument, sold, assigned, and transferred all its property to said defendant Starr, who immediately went into possession. The instrument or bill of sale described the prop-

erty as follows: "All assets, credits, book-accounts, books, papers, property, and leasehold interest of said corporation." There was also a schedule of the property sold which did not mention the said five-stamp battery, or any part of it. The battery remained on the premises, and went into the possession of defendant, Starr. In the early part of 1884 the plaintiff, desiring to, use the battery, demanded it of the defendant, Starr, who refused to deliver it, saying that he had bought and claimed everything about the Ætna Iron Works. The court found the value of the property to be $1,050. The points made by appellant that various findings of fact are not justified by the evidence cannot be maintained. There was considerable evidence to justify each finding.

The main point made by appellant is, that, as against him, the sale by Pendergast, Smith & Co. to plaintiff was void under section 3440, Civil Code, because it was not accompanied by an immediate delivery of the property, or followed by actual and continued change of possession. It is clear, however, that appellant cannot invoke this rule as a creditor. He can do so only as a purchaser under his bill of sale. But he was not a purchaser of the property in litigation. The sale of the battery in 1881 was, as between Pendergast, Smith & Co. and plaintiff, complete; and the title passed absolutely to the latter. When, therefore, they (or their successor, the Ætna Iron Works Company) afterwards sold and assigned to appellant their "assets" and "property," they did not sell, nor by any proper construction can they be held to have undertaken to sell, this battery, which was no part of their assets or property. And this is made still more clear by the fact that it was not included in the schedule. If their creditors had attached the property in their possession, or they had sold it to an innocent purchaser, then the rule of section 3440 might have been applicable. But appellant is here claiming as a purchaser property which he never pur-

chased, and under a written transfer by which it was not transferred. There are no other points necessary to be particularly noticed.

Judgment and order denying a new trial affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.